UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUSTIN PLUMMER,<br><br>*Plaintiff,*<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, et al.,<br><br>*Defendants.* | Civil Action No. 19-453-KBJ |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**
**DEFENDANTS THE DISTRICT OF COLUMBIA, JEANETTE MYRICK, SHELLY CHISHOLM, AND KEVIN PROCTOR**

Defendants the District of Columbia (pled as "Government of the District of Columbia"; henceforth "the District"), Jeanette Myrick, Shelly Chisholm, and Kevin Proctor (collectively "Answering Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Amended Complaint (ECF DKT # 1-1, Exhibit 2) as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted against the Answering Defendants.

**SECOND DEFENSE**

In response to the numbered allegations of the Amended Complaint, the Answering Defendants respond as follows:

**INTRODUCTION**[1]

1. The factual allegations in this paragraph are denied.

---

[1] For convenience and ease of reference only, the District utilizes the headings appearing in Plaintiff's Complaint in providing its response to the paragraphs contained therein.

2. Admitted that Plaintiff names these Defendants.

## PARTIES

3. The District lacks sufficient information to either admit or deny the allegations in this paragraph.

4. Admitted.

5. Admitted.

6. Denied. Myrick was the Records Administrator for DOC during the relevant time.

7. Denied. In 2017, Denise Thompson and Shelly Chisolm were Correctional Program Officers at DOC. Kevin Proctor and Robin Brown were Supervisor Legal Instruments Examiners at DOC.

8. Admitted only that the Answering Defendants acted within the scope of their employment.

## FACTUAL ALLEGATIONS

9. Admitted.

10. Admitted.

11. Denied. Plaintiff was placed in D.C. Jail pursuant to the sentencing order of the Court.

12. Denied. Plaintiff was not entitled to release on August 23, 2017.

13. Denied.

14. Denied.

15. Admitted that the District of Columbia Department of Corrections has a records office. All other allegations of Paragraph 15 are denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted that the District of Columbia Department of Corrections has a records office. All other allegations of Paragraph 15 are denied.

4.

37. Answering Defendants do not know what Plaintiff means by "a paper system for tracking cases." Consequently, Defendants deny this allegation and demand strict proof.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Plaintiff's characterizations of this document, which speaks for itself, are denied.

51. Plaintiff's characterizations of this document, which speaks for itself, are denied.

52. Plaintiff's characterizations of this document, which speaks for itself, are denied.

53. Plaintiff's characterizations of this document, which speaks for itself, are denied.

54. Answering Defendants lack knowledge necessary to respond to this paragraph, and therefore denies the allegations and demands strict proof

55. Denied.

56. Denied.

57. Denied.

## COUNT I

### Common Law Liability of Individual Defendants for False Imprisonment

58. Answering Defendants repeat and reiterate their responses to the numbered paragraphs, above as if fully set forth and incorporated herein.

59. Admitted.

60. Denied. Plaintiff was placed pursuant to the sentencing order of the Court.

61. Denied.

62. Denied.

63. Denied.

64. Admitted only that Plaintiff was properly released on October 6, 2017, per the terms of his sentence. All other allegations in this paragraph are denied.

65. Denied.

66. Denied.

WHEREFORE, Answering Defendants deny that Plaintiff is entitled to the relief sought and demands dismissal of all of said claims with prejudice, plus costs.

## COUNT II

### [Missing From Plaintiff's Amended Complaint]

To the extent that Plaintiff has pled a Count II in his Amended Complaint, the claims in that Count are denied.

## COUNT III

### Supervisory Liability of Individual Defendants for false imprisonment and over-detention

67. Answering Defendants repeat and incorporate their responses to the numbered paragraphs above as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

WHEREFORE, Answering Defendants deny that Plaintiff is entitled to the relief sought and demands dismissal of all of said claims with prejudice, plus costs.

## COUNT IV

**Supervisory Liability of Jeannette Myrick for Mr. Plummer's false imprisonment and overdetention**

72. Answering Defendants repeat and incorporate their responses to the numbered paragraphs, above as if fully set forth herein.

73. Denied. Myrick was the Records Administrator for DOC during the relevant time.

74. Admitted that Myrick was the Records Administrator for DOC during the relevant time. Denied that Myrick was the direct supervisor of the Legal Instrument Examiners.

75. Denied that the Legal Instrument Examiners are responsible for processing release orders for all inmates.

76. Admitted only that Myrick was the Records Administrator for DOC, a supervisory position. Plaintiff's remaining factual allegations are denied and Plaintiff is left to his proofs.

77. Admitted only that part of Myrick responsibilities include supervising the Records Office. The Records Office is responsible for ensuring that inmates are released in accordance with their sentence.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

WHEREFORE, Answering Defendants deny that Plaintiff is entitled to the relief sought and demands dismissal of all of said claims with prejudice, plus costs.

## COUNT V

### Liability of District of Columbia in Respondeat Superior for the Misconduct of its Employees

83. Answering Defendants repeat and incorporate their responses to the numbered paragraphs above as if fully set forth herein.

84. Denied.

85. Admitted.

86. Denied.

87. Denied.

WHEREFORE, Answering Defendants deny that Plaintiff is entitled to the relief sought and demands dismissal of all of said claims with prejudice, plus costs.

## COUNT VI

### § 1983 Liability of District of Columbia for Overdetentions

88. Answering Defendants repeat and incorporate their responses to the numbered paragraphs, above as if fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

94. Denied.

WHEREFORE, Answering Defendants deny that Plaintiff is entitled to the relief sought and demands dismissal of all of said claims with prejudice, plus costs.

WHEREFORE, Answering Defendants the District of Columbia (pled as "Government of the District of Columbia"; henceforth "the District"), Jeanette Myrick, Shelly Chisholm, and Kevin Proctor and Theodore Dyson deny any and all allegations not specifically admitted in Paragraphs 1 to 94 and demand proof thereof.  Further, Answering Defendants denies that Plaintiff is entitled to the relief sought and demands dismissal of all of said claims with prejudice, plus costs.

## PLAINTIFF'S PRAYER FOR RELIEF

1. Denied that Plaintiff is entitled to this relief.

2. Denied that Plaintiff is entitled to this relief.

3. Denied that Plaintiff is entitled to this relief.

## THIRD DEFENSE

The District, its agents, servants and employees acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

## FOURTH DEFENSE

The District, its agents, servants and employees acting with the course and scope of their employment, have performed their obligations, if any, toward the Plaintiff in accordance with all applicable regulatory, statutory, constitutional and common law requirements.

### FIFTH DEFENSE

Plaintiff may have failed to exhaust his administrative remedies including but not limited to the Prison Litigation Reform Act of 1995 and failed to comply with other mandatory filing requirements.

### SIXTH DEFENSE

Plaintiff's claims may be barred by the doctrines of estoppel, laches, and unclean hands.

### SEVENTH DEFENSE

If Plaintiff was injured or damaged as alleged in the complaint, such injuries and/or damages may have resulted from Plaintiff's own willful, negligent, or reckless conduct.

### EIGHTH DEFENSE

If Plaintiff was injured or damaged as alleged in the complaint, such injuries and/or damages may have resulted from the conduct of third parties whose negligence or intentional conduct constitutes a superseding and intervening cause of Plaintiff's injuries and damages, thus reducing or eliminating any reasonable damages against the District.

### NINTH DEFENSE

If Plaintiff was injured or damaged as alleged in the Complaint, said injuries and/or damages may have resulted from Plaintiff's own contributory negligence and/or assumption of risk, thus reducing or eliminating any reasonable damages against the Answering Defendants.

### TENTH DEFENSE

The District actions or the actions of its employees as alleged in the Complaint were not the proximate cause of any injuries, losses, or damages to Plaintiff.

### ELEVENTH DEFENSE

All actions taken by the Answering Defendants relating to Plaintiff were necessary, reasonable, and pursuant to lawful authority.

### TWELFTH DEFENSE

Plaintiff may have failed to mitigate any damages he may have incurred..

### THIRTEENTH DEFENSE

Plaintiff may have failed to meet the applicable statute of limitations.

### FOURTEENTH DEFENSE

Plaintiff has failed to comply with the mandatory notice requirements of D.C. Code § 12-309.

### FIFTEETH DEFENSE

Plaintiff's claims may be barred by collateral estoppel and *res judicata.*

### SIXTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrine of absolute, official, qualified and discretionary immunity.

### SEVENTEENTH DEFENSE

Plaintiff's claims may be barred by sovereign immunity and/or the public duty doctrine.

### EIGHTEENTH DEFENSE

The District's alleged conduct cannot give rise to any claim, as any conduct undertaken was privileged.

### NINETEENTH DEFENSE

The District reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

## TWENTIETH DEFENSE

Plaintiff has not pled the elements of a viable claim against the District under 42 U.S.C. § 1983.

## SET-OFF

The District asserts a set-off against any judgment rendering against it for all payments and other benefits provided to or on behalf of Plaintiff, including but not limited to all funds and services provided to Plaintiff through public assistance, including Medicaid, Medicare, or other sources.

## JURY DEMAND

Answering Defendants hereby request a trial by jury on all issues so triable.

DATE: March 1, 2019

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT [1047632]
PHILIP A. MEDLEY [1010307]
Assistant Attorneys General
Civil Litigation Division Section IV
441 Fourth Street, NW, Suite 630 South
Washington, D.C. 20001
202-724-6652 (phone)
202-730-0624 (fax)
benjamin.bryant@dc.gov

*Counsel for Defendants the District of Columbia, Jeanette Myrick, Shelly Chisholm, and Kevin Proctor*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on March 1, 2019, a true and correct copy of the foregoing Answer was filed via ECF electronic filing and thereby served on all counsel of record.

Dated: March 1, 2019                              /s/ *Benjamin E. Bryant*
                                                                  BENJAMIN E. BRYANT