**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AUSTIN PLUMMER<br><br>*Plaintiff,*<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*<br><br>*Defendants.* | Civil Action No. 19-453-KBJ |

**DEFENDANT THE DISTRICT OF COLUMBIA'S REPLY BRIEF IN SUPPORT OF ITS PENDING MOTION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO DISMISS PLAINTIFF'S COMMON LAW CLAIMS**

Defendant the District of Columbia ("the District") hereby replies to Plaintiff's opposition (ECF DKT # 11) to its pending Motion for Summary Judgment (ECF DKT # 7).

As a preliminary matter, Plaintiff's counsel claims (p. 2) that he has not been provided with the addresses for unserved co-defendants Robilyn Brown (pled as "Robin Brown") and Denise Thompson (pled as "Denise Thomas"). Plaintiff's counsel is mistaken: the last known addresses for both Brown and Thompson were provided to him on March 5, 2019. When the District filed its *Errata* Notice of Removal under Seal, it sent an unredacted copy to Plaintiff's counsel via electronic mail. The unredacted *Errata* Notice of Removal includes the last known addresses of both Brown and Thompson. The email enclosing the *Errata* Notice of Removal is attached hereto as Attachment A. Regardless, Plaintiff does not explain why the issue of service bears, in any way, on whether this Motion should be granted.

Plaintiff does not deny that he failed to file a § 12-309 Notice with the District. Pl. Brief, *passim*. Plaintiff nonetheless argues (p. 4) that this Motion should be denied because the District

“did not provide an affidavit or other summary judgment material on the police report prong” of D.C. Code § 12-309. A police report would not have been generated except at Plaintiff’s behest for this DOC overdetention case. If Plaintiff had filed a police report, then he is presumably aware that he did so. But Plaintiff does provide the police report so that it can be analyzed to determine its adequacy, nor does not even provide an Affidavit by Plaintiff stating that the police report exists. Plaintiff does not even *claim* that he filed a police report. Instead, Plaintiff’s counsel has provided an Attorney Affidavit (ECF DKT # 11-2) stating, “An opportunity for discovery in this case could lead to a police report or similar document to satisfy D.C. Code § 12-309.” *Id.* If Plaintiff filed a police report, he would know about it. His failure to claim that he cause a police report to be generated is a clear indication that it does not exist.

Further, even if a police report existed, it almost certainly could not satisfy the §12-309 Notice requirement. A police report is seldom sufficient substitute notice under the high standard established in *Miller v. Spencer*, D.C. App., 330 A.2d 250 (1974), *Brown v. District of Columbia*, D.C. App., 304 A.2d 292 (1973), and *Jenkins v. Dist. of Columbia*, 379 A.2d 1177, 1178 (D.C. 1977). D.C. Code §12-309 “contemplates that the ‘report in writing by the Metropolitan Police Department, in regular course of duty,’ shall notify the District of Columbia **of an injury to person or damage to property.**'” *Miller v. Spencer*, 330 A.2d at 251. Plaintiff has alleged neither a personal injury or property damage: he has alleged overdetention by the District’s Department of Corrections. ECF DKT #1-1, Ex. B, Pl. Amended Compl., ¶ 14. A police report could potentially substitute for a §12-309 Notice following a car accident with a government vehicle, assuming the police report contained all the factual components required under §12-309. But a police report for an arrest does not serve as a §12-309 notice for a later claim by the arrestee of false arrest. *Jenkins v. Dist. of Columbia*, 379 A.2d at 1178; *see also*

*Allen v. D.C.*, 533 A.2d 1259, 1263 (D.C. 1987)(finding that although an arrest and detention were indicated generally in the police reports, the facts "did not indicate a basis for potential liability over and above that which exists in many law enforcement operations").  It cannot serve as one in this overdetention case either.  Regardless, Plaintiff does not claim that he filed a police report, and Plaintiff's common law claims against the District are therefore ripe for summary judgment because he failed to a file a 12-309 Notice.

## CONCLUSION

For all these reasons, Plaintiff's common law claims against the District of Columbia should be dismissed with prejudice.

DATED: March 21, 2019             Respectfully submitted,

                                                 KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division, Section IV

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT [1047632]
PHILIP A. MEDLEY [1010307]
Assistant Attorneys General
441 4th Street, NW, Suite 630 South
202-724-6652
202-730-0624 (fax)
benjamin.bryant@dc.gov

*Counsel for Defendants the District of Columbia, Jeanette Myrick, Shelly Chisholm, and Kevin Proctor*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this brief was electronically filed on this day, March 21, 2019. I further certify that Plaintiff's counsel was served with a copy via electronic filing.

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT

ATTACHMENT “A”

**Bryant, Benjamin (OAG)**

**From:** Bryant, Benjamin (OAG)
**Sent:** Tuesday, March 5, 2019 7:05 PM
**To:** William Claiborne (claibornelaw@gmail.com)
**Cc:** Michael Addo (OAG) (michael.addo@dc.gov)
**Subject:** FW: Activity in Case 1:19-cv-00453-KBJ PLUMMER v. DISTRICT OF COLUMBIA et al Sealed Motion for Leave to File Document Under Seal
**Attachments:** Motion to File Document under Seal.pdf; Ex B - Amended Compl.pdf; ERRATA - Notice of Removal.pdf; Ex A - Compl.pdf

Mr. Claiborne,

The District's Motion to file its *Errata* Notice of Removal is attached. Please do not provide any home addresses of current or former DOC employees to any third parties, other than for the purpose of serving process on them.

Thank you.

Sincerely,

Benjamin E. Bryant [1047632]
Assistant Attorney General
Civil Litigation Division, Section IV
Office of the Attorney General for the District of Columbia
441 4th Street, NW, Suite 630 South
Washington, D.C. 20001
202-724-6652 (phone)
202-730-0624 (fax)
benjamin.bryant@dc.gov

---

**From:** DCD_ECFNotice@dcd.uscourts.gov <DCD_ECFNotice@dcd.uscourts.gov>
**Sent:** Tuesday, March 5, 2019 7:02 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:19-cv-00453-KBJ PLUMMER v. DISTRICT OF COLUMBIA et al Sealed Motion for Leave to File Document Under Seal

**CAUTION:** This email originated from outside of the DC Government. Do not click on links or open attachments unless you recognize the sender and know that the content is safe. If you believe that this email is suspicious, please forward to phishing@dc.gov for additional analysis by OCTO Security Operations Center (SOC).

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Columbia**

## Notice of Electronic Filing

The following transaction was entered by Bryant, Benjamin on 3/5/2019 at 7:02 PM EDT and filed on 3/5/2019

**Case Name:** PLUMMER v. DISTRICT OF COLUMBIA et al
**Case Number:** 1:19-cv-00453-KBJ
**Filer:** DISTRICT OF COLUMBIA
**Document Number:** 9

**Docket Text:**
**SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DISTRICT OF COLUMBIA (This document is SEALED and only available to authorized persons.) (Attachments: # (1) Errata Notice of Removal, # (2) Exhibit "A", Pl. Complaint, # (3) Exhibit "B", Amended Complaint)(Bryant, Benjamin)**

**1:19-cv-00453-KBJ Notice has been electronically mailed to:**

Benjamin Egan Bryant benjamin.bryant@dc.gov, michael.addo@dc.gov

Philip Alexander Medley philip.medley@dc.gov

William Charles Cole Claiborne , III claibornelaw@gmail.com, lettielor@gmail.com

**1:19-cv-00453-KBJ Notice will be delivered by other means to::**

DENISE THOMAS
Central Detention Facility (DC Jail)
1901 D Street, SE
Washington, DC 20003

ROBILYN BROWN
Central Detention Facility (DC Jail)
1901 D Street, SE
Washington, DC 20003

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=3/5/2019] [FileNumber=5905827-0]
[a612a27de7d50e43d13a1819ed06c5a3446fb1770b4500cbe42fcf2501d6e1def9eaa
ed99841c51fcc22a80ee8c2515b5f604a3c422f055d5f4118d972f3df05]]
**Document description:**Errata Notice of Removal
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=3/5/2019] [FileNumber=5905827-1]

[a6696874ca351e34c0b4708890dea060f3cd36a8a31de55c115ad635655fa1a1ada7e
4ca12c863c8589b0ef20c480de85b82cdc4a381c68744f738d9cff36a1c]]
**Document description:**Exhibit "A", Pl. Complaint
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=3/5/2019] [FileNumber=5905827-2]
[927475df923bd1a7484eb683045ea8ee90cb04ace9ed7d29f64f84a2d1e02b469e454
c4d4799f30672983332f2dae294595a5e1396c4cdd9ec35bb47228960a9]]
**Document description:**Exhibit "B", Amended Complaint
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=3/5/2019] [FileNumber=5905827-3]
[850d95a22125e7185c5259a150da62165e3aca6bb389784f9d1d64c541f07ccca69ea
dd9489429f85b576a82dc62718edaf4aa778b8e85cf681484ee66638931]]