## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUSTIN PLUMMER,<br><br>*Plaintiff,*<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, et al.,<br><br>*Defendants.* | 19-453-KBJ |

## THE DISTRICT OF COLUMBIA'S REPLY BRIEF IN SUPPORT OF ITS PENDING MOTION TO ENTER A PROTECTIVE ORDER [10]

Defendant District of Columbia (the District), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 26(c), hereby replies in support of its pending Motion for entry of a Protective Order [10] and in response to Plaintiff's opposition papers [14].

### a. Plaintiff's Rationale for Opposing the District's Protective Order is Unpersuasive.

The District's Motion for a Protective Order [10] was filed for good cause under Fed. R. Civ. P. 26(c). The District's supporting brief [10-1] noted that a main purpose of its proposed Protective Order was to allow it to disclose DOC records that, it avers, demonstrate that Plaintiff Austin Plummer was not overdetained by DOC:

> The confidential DOC documents, the District contends, showed that Plaintiff was released in a timely manner. To use these confidential DOC documents in support of its Motion for Summary Judgment, the District requires a Protective Order. This will allow the District to provide Plaintiff's counsel with a copy of the Motion for Summary Judgment with its attached exhibits marked "Confidential."

*Id.* at 2-3.

A Protective Order is necessary to disclose DOC documents about Plaintiff Austin Plummer's incarceration and release. Both Plaintiff's counsel and Plaintiff can examine these documents if they are marked "Confidential," as the District's Motion states they will. Plummer's interests will not be negatively affected by the entry of the District's proposed Protective Order and Plummer has no personal need to see DOC personnel files or documents pertaining to sensitive DOC operations that might require designation as "Confidential: Attorneys' Eyes Only." If Plummer did have a need, the District's proposed Protective Order [10-2] allows him to challenge the designation.

Yet Plaintiff's counsel wants to use DOC's documents to aid other lawsuits. Pl. Oppo. Br., page 2 [14]. Plaintiff's brief argues, "Mr. Plummer wants to be able share the discovery he obtains in this case with other overdetention cases he has pending in this Court." *Id.* Yet the lawsuits referred to do not feature Austin Plummer. The lawsuits mentioned in Plaintiff's brief were filed by Richard Jones (16-02405) and Carlton Harris (18-02390). Upon information and belief, Austin Plummer has no other "overdetention cases" pending in this Court. Plaintiff's counsel's desire to use DOC records produced during this lawsuit in Plaintiff's counsel's other lawsuits is not a compelling argument for refusing the entry of the District's Protective Order. The District's proposal allows Plaintiff's counsel to challenge any "Confidential Designation" and he can ultimately have the Court decide whether the designation is appropriate.

   b.   **The District's Proposed Protective Order protects the Interests of All Parties.**

Plaintiff's counsel's desire to prevent the District from having the power to mark documents "Confidential" and "Confidential: Attorneys' Eyes Only" is totally unnecessary to protect Plaintiff's interests. If Plaintiff's counsel believes that a document has been

2

improperly marked as containing "Confidential Information," Plaintiff has numerous remedies available. The District's proposed Protective Order [10-2] contains a provision that requires the parties to resolve disputes about documents containing "Confidential Information" in them "in good faith on an informal basis." *Id.* at 2-3. Further, Plaintiff's counsel can "at any request that the producing party cancel the CONFIDENTIAL INFORMATION designation with respect to any document, object, or information." *Id.* at 3. If this request is denied, Plaintiff's counsel can file a motion. *Id.* at 3.

Plaintiff's proposed Protective Order [15-1], by contrast, would allow the parties to challenge a confidentiality designation "by filing a short objection regarding the designation and arranging for a prompt telephonic discovery status conference with the Court." Pl. Proposed Protective Order, pages 5-6 [15-1]. Plaintiff's counsel's proposed Protective Order would therefore result in potentially needless contact with the Court over issues that could be resolved "in good faith on an informal basis" between the parties. Plaintiff's proposal does not further the goal of judicial economy.

Plaintiff's claim that the District's proposed Protective Order [10-2] is a "blanket" order is entirely inaccurate. The District's proposed Protective Order requires the parties to attempt to accommodate each other "in good faith." This "good faith" requirement demonstrates that the District does not seek a "blanket" Protective Order because a "Confidential Information" designation can only be maintained on a good-faith basis. Further, Plaintiff's counsel will receive DOC's "Confidential" and "Confidential: Attorney's Eyes Only" documents (subject to any redactions) and can decide for himself whether he thinks the documents have been properly designated. Plaintiff's counsel is then afforded avenues to challenge the designation, as explained above.

But the District must be given the means of protecting sensitive DOC documents from disclosure. Under Plaintiff's proposed Protective Order [15-1], this is not possible. It contains the chilling language that:

> Either producing party may designate Confidential Information as Attorney's Eyes Only if it meets the definition of Confidential Information under this Protective Order and it requires special protection.

*Id.* at page 2 [15-2].

This provision is onerous to the Defendant and has no utility to Austin Plummer.

Plaintiff's counsel is attempting to define what constitutes DOC "Confidential Information." *Id.* pages 2-3 ("Information Subject to this Protective Order")[15-1]. Yet he is not a DOC official or a DOC attorney, and therefore cannot be aware of the universe of DOC documents that may require "confidential" designation. DOC and its lawyers cannot be prevented from protecting their client's interests by an ambiguous Protective Order [15-2] that implicitly forbids a confidentiality designation of DOC documents unless the documents fall into of the document categories created by Plaintiff's counsel. Under Plaintiff's proposal [15-1], Plaintiff could claim that the District has violated a Court Order simply for *marking* a document as containing "Confidential Information." Put simply, Plaintiff's counsel cannot be given the power to determine what DOC records "meet the definition of Confidential Information" devised by him. The language in Plaintiff's proposed Protective Order [15-1] is highly burdensome on the District and entirely unnecessary to protect Austin Plummer's interests in this litigation.

By contrast, the District's proposed Protective Order [10-2] allows a party to designate its own documents as "Confidential Information" as "Confidential" or Confidential: Attorneys' Eyes Only." No functioning Protective Order could work any other way. This Court, not Plaintiff's counsel, must ultimately decide whether a DOC document should be distributed

4

beyond the scope of this litigation.  Respectfully, this Court should enter the District's proposed Protective Order because it fully protects the interests of both parties and reduces the likelihood of unnecessary litigation.

## CONCLUSION

For all the above reasons, the District's proposed Protective Order [10-2] should be entered by this Court.

May 17, 2019                                        Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Acting Deputy Attorney General
Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT [1047632]
PHILIP A. MEDLEY [1010307]
Assistant Attorneys General
Civil Litigation Division Section IV
Suite 630 South
441 4th Street, NW
Washington, D.C. 20001
202-724-6652
202-730-0624 (fax)
benjamin.bryant@dc.gov

Counsel for Defendants