UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AUSTIN PLUMMER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 19-cv-453 (KBJ) |
| DISTRICT OF COLUMBIA GOVERNMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER FOR INITIAL SCHEDULING CONFERENCE**

The above-captioned case has been assigned to this Judge for resolution. It is hereby **ORDERED** that the Initial Scheduling Conference be set for **Tuesday, October 1, 2019, at 10:30 AM** in Courtroom 17. Counsel who attend must be sufficiently familiar with the case to answer any questions that arise. Parties are welcome and are encouraged to attend the Initial Scheduling Conference and all subsequent proceedings.

In accordance with Rule 16.3(a) of the Local Civil Rules and Federal Rule of Civil Procedure 26(f)(1), counsel shall confer in person or by telephone at least 21 days prior to the date of the Initial Scheduling Conference to discuss with particularity each party's position on the scope of discovery necessary for the case, as well as the matters outlined in Local Civil Rule 16.3(c). In order to better frame their discussion regarding the scope of discovery, prior to the meeting counsel shall exchange Early Rule 34 Requests. *See* Fed. R. Civ. P. 26(d)(2). Pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2), Counsel shall submit to the Court no later than 14 days following their meeting—*i.e.,* no fewer than 7 days prior to the date of the

Initial Scheduling Conference—a joint Report that, among other things: (1) outlines a detailed discovery plan as described in Fed. R. Civ. P. 26(f)(3); (2) addresses all topics listed in Local Civil Rule 16.3(c), **EXCEPT** for the pretrial conference date (LCvR 16.3(c)(12)) and the issue of when the Court should set a firm trial date (LCvR 16.3(c)(13)); and (3) sets forth a proposed scheduling order. *See* LCvR 16.3(d). Counsel are also directed to include in their Report a brief statement of the case and the statutory basis for all causes of action and defenses.

Consistent with Local Civil Rule 16.3(c)(8), Counsel shall also submit a Joint Proposed Protective Order that incorporates the substantial overlap between the two proposed protective orders that the parties have already filed. (*See* Dist.'s Proposed Protective Order, ECF No. 10-2; Pl.'s Proposed Protective Order, ECF No. 15-1.) To the extent that the parties cannot resolve their disputes regarding a protective order by conferring in good faith, the parties shall include the following in the Joint Proposed Protective Order for any and each provision to which they cannot reach agreement: (1) the proposed provision of each party; (2) each party's specific objection(s) to the provision proposed by the other party; (3) the legal authority in support of each party's position.

This Court generally will not permit the parties to waive Rule 26(a)(1) initial disclosures. Any party who objects to exchanging initial disclosures on the grounds that "initial disclosures are not appropriate in this action," *see* Fed. R. Civ. P. 26(a)(1)(C), shall state with specificity the grounds for its objection in the Report.

In considering a discovery schedule under Local Civil Rule 16.3(c)(8), counsel should be guided by the schedules contained in the Appendix to this Order. Counsel are also reminded that Federal Rule of Civil Procedure 26(f) requires discussion of issues

related to the discovery of electronically stored information, preservation of discoverable information, and assertions of privilege or of protection of trial-preparation materials, including consideration of whether to seek an order reflecting an agreement of the parties regarding the procedure for asserting such claims after production.  *See* Fed. R. Civ. P. 26(f)(3).

In considering what form of alternative dispute resolution may be most suitable as required by Local Civil Rule 16.3(5), counsel are encouraged to consider mediation, arbitration, early neutral evaluation, and any other form of alternative dispute resolution that can be tailored to the needs of their case.

Date:  August 8, 2019                                    *Ketanji Brown Jackson*
                                                                    KETANJI BROWN JACKSON
                                                                    United States District Judge

**APPENDIX**

Discovery Schedules

The following schedules are guidelines that are usually followed by the Court. Variations may be appropriate in light of individual case differences. All time-frames are calculated from the date of the initial scheduling conference.

|  | Expedited Cases | Standard Cases | Complex Cases |
|---|---|---|---|
| Initial Disclosures | 14 days | 30 days | 60 days |
| Deadline for Post-R. 26(a) Discovery Requests | 30 days | 45 days | 90 days |
| Proponent's R. 26(a)(2) Statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) Statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 180 days |
| Limits on number of interrogatories per party | 12 | 25 | 25 |
| Limits on number of depositions per side | 3 | 5 | 10 |